IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| CORRINE PADILLA, an Individual, | : : | C.A. NO. |
| Plaintiff | | |
| V | : : : | COMPLAINT (TRIAL BY JURY OF 12 REQUESTED) |
| DELAWARE DEPARTMENT OF CORRECTION, a State Agency, | : : | |
| Defendant | : | |

    1. Plaintiff Corrine Padilla is an Hispanic female and has been, at all times relevant to this Complaint, a resident of Kent county, State of Delaware.

    2. Defendant Delaware Department of Correction (DDOC) has been at all times relevant to this Complaint an agency of the State of Delaware and at all times relevant to this Complaint the employer of the Plaintiff. DDOC may be served through service on Stanley Taylor, Correction Commissioner, 245 McKee Road, Dover, Delaware 19904.

## JURISDICTION

    3. Jurisdiction is based on the existence of a question arising under a federal statute. This action arises under Title VII of the Civil Rights Act of 1964, 42 USCA Section 2000(e) et.seq., as amended by the Civil Rights Act of 1991, 42 USCA Section 704(a) of Title VII of the Civil Rights Act. The jurisdiction this Court is invoked to secure protection and redress for deprivation of rights secured by Federal and State law which prohibit discrimination against employees because of their sex.

FACTUAL BACKGROUND

4. Plaintiff was hired by DDOC, an was employed by them thereafter as a Corrections Officer at its Smyrna, Delaware facility, on or about October 17, 2002.

5. Plaintiff's position at the Smyrna, Delaware facility brought her into daily contract with incarcerated inmates, and dealing with fellow correctional officers, under circumstances requiring respect for her position as a Correctional Officer so as to reduce potentially dangerous circumstances.

6. Plaintiff performed her assigned duties, doing so to the satisfaction of DDOC, until she returned to work in October 2004, after having been off work due to an injury occurring in September 2004.

7. Shortly before her return to work, within a few days, Plaintiff was advised by another Correctional Officer that sexually explicit photographs of Plaintiff were being exchanged or seen by other Correctional staff at the Smyrna, Delaware facility.

8. Plaintiff promptly communicated with higher ranking Correctional Officers at the Smyrna facility and determined what she had been told was true and that sexually explicit photographs taken approximately a year earlier while plaintiff was in a committed relationship with another person were being circulated among, or seen by, Correctional Officers at her work place.

9. Plaintiff then sought to have her work place assignment altered by those in higher authority and to have the circulation and viewing of the photographs halted, knowing that knowledge of those photographs would make doing her assigned duties more difficult and dangerous, particularly if circulated among inmates over whom she was supposed to exercise control.

10. For a period of weeks Plaintiff's requests of higher authority within DDOC for action and correction were ignored by them, and Plaintiff began being derided and ridiculed by prison inmates who had become aware of the photographs and, Plaintiff believes, may actually have seen the photographs.

11. Plaintiff was embarrassed and humiliated by the ridicule, expressed directly and indirectly by staff and inmate population, and felt tense and aggravated by the lack of respect which made performance of her duties more difficult and more dangerous.

12. After unwarranted delay and deterioration of Plaintiff's working conditions defendant DDOC finally moved Plaintiff to a different work assignment, initially to Sussex Correctional Institute (SCI) and then within that section of the agency dealing with adult probation and parole, where Plaintiff was able to perform her duties without the elevated degree of tension and risk which had been created at her previous assignment at Smyrna.

13. Plaintiff is presently out from work because of an injury at work while at SCI and has filed with the Delaware Department of Labor (DDOL) as the proper State Agency and as representative of the Equal Employment Opportunity Commission, a charge alleging sexual discrimination by DDOC. See Exhibit 1.

14. After the filing of her charges of discrimination with DDOL, DDOC advised Plaintiff that the position at probation and parole to which it had transferred Plaintiff would no longer be available to her and that no other position was available and Plaintiff would upon recovery be returned to that position where she had been ridiculed, and the risk of harm had been increased by the circumstances, and lack of corrective action by DDOC.

15. DDOL has since indicated its finding that DDOC's handling of the sexually explicit material, and its failure to address the resulting circumstances and issue corrective measures,

gave reasonable cause to believe DDOC had created a sexually hostile and potentially sexually violent work atmosphere for Plaintiff.   See Exhibit 2.

    16.  DDOL thereafter administratively ended the retaliation charge consideration and issued a "Right to Sue" letter to Plaintiff, establishing both State and Federal rights to sue, which was mailed on December 6, 2005 and received by Plaintiff on December 8, 2005.  See Exhibit 3.

## TITLE VII - DISCRIMINATION

    17.  Plaintiff realleges the allegations in paragraphs 1 through 16 as if here set forth at length.

    18.  The actions and practices of defendant DDOC as set forth above have had the effect of depriving Plaintiff of equal employment opportunities and affected her employment because of the sexually hostile work atmosphere and the actions and practices of DDOC were intentional and done with malice or reckless indifference to the State and Federally protected rights of Plaintiff.

    19.  The actions and practices of DDOC set forth above caused Plaintiff to experience pain, suffering, and emotional harm.

    20.  The actions and practices of DDOC as set forth and imputable to DDOC are in violation of 42 USCA Section 2000(e) et.seq.

    21.  As a direct and proximate result of the aforesaid acts and practices of DDOC Plaintiff has suffered and will suffer loss of employment opportunities and benefits, and has suffered and will suffer distress, humiliation, expense, embarrassment and damage to her reputation.

    22.  Defendant DDOC's discrimination was willful, wanton and malicious.  As a result Plaintiff is entitled to an award of compensatory and punitive damages.

## TITLE VIII - RETALIATION

23. Plaintiff realleges the allegations in paragraphs 1 through 22 as if here set forth at length.

24. The actions and practices of DDOC as above set forth constitute retaliation against Plaintiff, compelling her to return to a sexually hostile and potentially sexually violent work place because of her complaint to DDOL about the lack of prompt corrective or other appropriate action by DDOC.

25. Plaintiff filed a second complaint with DDOL alleging the occurrence of retaliation based on the actions of DDOC. See Exhibit 4.

26. The actions of DDOC in retaliating against Plaintiff were intentional and done with malice or reckless indifference to the State and Federally protected rights of Plaintiff.

27. The actions and practices of DDOC set forth above caused Plaintiff to experience pain, suffering, and emotional harm.

28. The actions and practices of DDOC as set forth imputable to DDOC are in violation of 42 USCA Section 200(e) et. seq.

29. As a direct and proximate result of the aforesaid acts and practices of DDOC Plaintiff has suffered and will suffer distress, humiliation, expense, embarrassment and damage to her reputation.

30. Defendant DDOC's discrimination was willful, wanton and malicious. As a result Plaintiff is entitled to an award of compensatory and punitive damages.

WHEREFORE Plaintiff respectfully requests that this Court:

(a) Issue a judgment against Defendant Delaware Department of Correction, and in her favor, to provide monetary recovery to Plaintiff, in amounts to be determined at trial, for such

relief as she may be entitled to receive, including damages or other relief, as are necessary to provide complete relief for damages suffered by Plaintiff and to eradicate the effects of DDOC's actions and unlawful employment practices.

(b) Issue a judgment against Defendant Delaware Department of Correction, and in her favor, ordering DDOC to pay punitive damages for its malicious and or reckless conduct, in an amount to be determined at trial.

(c) Issue a judgment against Defendant Delaware Department of Correction, and in her favor, ordering DDOC to pay the costs of attorney's fees and expenses as provided by 42 USCA Section 200e-5(f)(s) and (3).

> BROWN, SHIELS & O'BRIEN
>
> BY_____
> ROY S. SHIELS, ESQUIRE
> P.O. DRAWER F
> 108 E. WATER STREET
> DOVER, DELAWARE 19903
> ATTORNEY FOR PLAINTIFF
> 302-734-4766   ID# 346

DATED:

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

06 - 143

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE
2006 MAR -2 PM 3:16

**I. (a) PLAINTIFFS**

CORRINE PADILLA, an individual

**DEFENDANTS**

DELAWARE DEPARTMENT OF CORRECTION, a State Agency

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___Kent___
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT ___Kent___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

ROY S. SHIELS, ESQUIRE
BROWN, SHIELS & O'BRIEN
108 E. Water Street
Dover, DE 19901

ATTORNEYS (IF KNOWN)

OFFICE OF THE ATTORNEY GENERAL
STATE OF DELAWARE

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth In Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 USC Section 2000e et. seq. (Title VII)
Discrimination - Sex - Hostile Work environment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE: 2/28/06

SIGNATURE OF ATTORNEY OF RECORD: Roy S. Shiels

FOR OFFICE USE ONLY

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____